**COWDEN, Admx., Plaintiff v. COWDEN et, Defendants.**

Probate Court, Franklin County.

No. 73413. Decided July 31, 1935.

Bridge, Kertzinger & Draper, Columbus, for Frank E. Cowden, Jr.

Baldwin & Nolan, Columbus, for widow.

## OPINION

By McCLELLAND, J.

A motion has been filed in this case by the defendant, Frank E. Cowden, Jr., a minor 17 years of age, by his guardian ad litem asking that the exemption of $500 set off in the inventory of the estate be set off to him and not to the widow.

It appears that said minor, who is the child of said decedent, was not a member of the decedents household, having been left by the decedent with a woman by the name of Lida Hand when he was a small child. The widow is the stepmother of said minor and had been married to the decedent for several years. The motion is supported by an affidavit of the minor stating that he is not living with nor dependent upon said widow for support. It further appears that said minor has never given the widow the opportunity to live with and provide for him and that he prefers to live with said Lida Hand.

The property listed in the inventory as not deemed assets of the estate consists of household goods of the value of $60 and $440 in money.

Counsel for the minor base their motion on the wording of §10509-55 GC. Counsel for the widow state that they have not been able to find any case in point, and counsel for the minor have cited none.

In considering this motion we find from a reading of the statutes on exemptions (§§10509-54 and 10509-55) that they do not provide for an apportionment of the exempted property between the widow and the minor children. In this respect these statutes differ from the statute providing for years allowance (§10509-74 GC). Section 10509-54 GC begins as follows: "When a person dies leaving a surviving spouse, or minor child or children, the following property etc." Our interpretation of this statute is that where the decedent leaves a widow, the widow alone has the right to make the selection and the court has no authority under the law to cut down her exemption where the decedent left minor children. The widow also has the right to retain the exempted property except only in case she ceases to live with and provide for the minor children (§10509-55 GC). It is our opinion that this exception in the statute is placed there as a sort of penalty against the widow in case she ceases to provide for the minor children of the decedent. In this case the minor child was not a member of the household of the decedent when he died and had not been as long as he was married to the widow in this case. Since the decedent had made other provision for his minor child

during his life and the widow had no opportunity of living with the minor child, we see no reason why the widow should be penalized for something she had no control over. The minor refuses to live with the widow and is not dependent upon her for support. We feel therefore that this case does not come within the provisions of §10509-55 GC.

A Note in Addams & Hosford under §10509-55 GC, contains an explanation of the provision for the minor children and reads in part as follows:

An attempt has been made by this statute to preserve intact for minor children, the household furnishings which are necessary to keep the surviving members of the family together. Thus, it is provided that the property exempted by the previous section shall remain in the possession of the surviving father or mother only so long as he or she lives with and provides for the minor child or children. Upon a separation of these survivors, the children may claim the unconsumed property. * * *

In this case however there was no necessity to keep the surviving members of the family together as the minor was not living with the decedent and his wife.

There is no question at all about the sum of money exempted as money is specifically excepted from the operation of §10509-55 GC.

The motion therefor will be overruled.